UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| BENEFIT RESOURCE GROUP, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:11-CV-64-RL-PRC |
| | ) | |
| WESTFIELD INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Add Parties Plaintiff or, in the Alternative, for Leave to Amend Complaint [DE 35], filed by Plaintiff on March 14, 2012. Defendant filed a response on March 28, 2012, and Plaintiff filed a reply on April 3, 2012. Plaintiff requests that the Court add two parties, S&G Properties, Inc., and Shawn Connery,[1] to the case as parties plaintiff.

## BACKGROUND

On January 18, 2011, Plaintiff Benefit Resource Group, Inc., ("BRG") filed its complaint against Defendant Westfield Insurance Company in St. Joseph Circuit Court, and Defendant removed it to this Court on February 17, 2011. The claims arise out of an insurance coverage dispute for water damage of a building that was being used by Plaintiff at the time of the damage.

On May 19, 2011, the Court held a pretrial conference and set discovery deadlines. The deadline for a motion for leave to amend pleadings expired on August 1, 2011. Defendant filed two motions to extend case management deadlines that were both granted by the Court. As a result, the deadline for delivering expert witness disclosures and reports expired on December 14, 2011; the

---

[1] The Court notes that the name Connery is spelled several different ways throughout the parties' briefs, and chooses to use the spelling used most often in Plaintiff's Motion.

deadline for delivery of rebuttal expert reports expired on January 24, 2012; and the fact discovery and expert discovery deadlines expired on April 16, 2012.

**ANALYSIS**

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

When a party seeks to add an additional plaintiff, the requirements of Federal Rule of Civil Procedure 20 must also be met. *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001). Rule 20 provides that "[p]ersons may join in one action as plaintiffs if . . . they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* . . . any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1) (emphasis added). District courts are granted wide discretion in their decisions concerning joinder, and the Seventh Circuit has recognized that "this discretion allows a trial court to consider, in addition to the requirements of Rule 20, other

2

relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness. If joinder would create prejudice, expense or delay the court may deny the motion." *Chavez*, 251 F.3d a 632 (internal citations and quotation marks omitted).

Plaintiff moves to add additional plaintiffs under Federal Rule of Civil Procedure 21, which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. In determining whether or not parties should be dropped or added under Rule 21, a court should consider whether that action "will serve the ends of justice, result in prejudice to any party, result in undue delay, or unnecessarily create duplicative litigation." *Neville v. Value City Dept. Stores, Inc.*, No. 07-cv-53-DRH, 2008 WL 2745932, at *2, 2008 U.S. Dist. LEXIS 52942, at *4 (S.D. Ill. July 11, 2008) (quotation omitted).

Plaintiff BRG argues that it should be entitled to add another company, S&G Properties, Inc., and an individual owner, Shawn Connery, as plaintiffs in this case. Plaintiff BRG asserts that both BRG and S&G Properties are owned and controlled by the same two people - Shawn Connery and Greg Connery - and that one of these individuals is the actual policyholder on the insurance policy underlying the current dispute. Plaintiff BRG wishes to add Shawn Connery and S&G Properties in order to pursue its claims jointly with them and because they may have interests that BRG cannot completely represent. Plaintiff argues that the addition of these two parties will not add any complexity to the case or change any of the claims and that Defendant will not suffer any prejudice by their addition. Defendant argues that Plaintiff has not met the requirements of amendment under Rule 15 because there has been undue delay and that addition of two new plaintiffs at this stage in the litigation would prejudice Defendant.

The deadline to amend pleadings was August 1, 2011. As Defendant argues, Plaintiff has not sought an extension of the deadline nor does it even mention the deadline in its Motion. Under Federal Rule of Civil Procedure 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . before the original time or its extension expires[] or on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). To determine whether the neglect in filing a motion to extend time after the deadline expired was excusable, the Court must "tak[e] into consideration all relevant circumstances including the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005) (quotations and citations omitted). Plaintiff argues that there has been no bad faith or dilatory motive in the timing of its motion. However, it does not explain the delay in filing the Motion, after the close of the expert disclosure deadlines and shortly before the close of discovery. As Plaintiff itself points out, it had notice by April 11, 2011, when Defendant filed its Answer, that the insurance policy in question was not issued to Plaintiff BRG. Plaintiff compares its situation to that of a "misnomer" and argues that it is inter-related with the two proposed plaintiffs, but, especially given that it knew or should have known of this interrelationship earlier, Plaintiff has not demonstrated that its failure to request that they be joined earlier was due to excusable neglect.

Even assuming that the instant Motion was timely filed or that the Rule 6 standard does not apply, Plaintiff cannot meet the standards of Rule 15, 20, or 21 for the addition of party plaintiffs.

Defendant argues that it would be prejudiced if the two additional parties are added as

4

plaintiffs. Plaintiff argues that adding plaintiffs causes no change to the substantive issues, and that their existence and identities have been known to Defendant since the outset of the case.

As discussed above, the discovery deadline expired April 16, 2012, shortly after the Motion was filed. Defendant served its discovery requests on the single named Plaintiff, not on the non-parties. It argues that the proposed plaintiffs might have additional information not available to Plaintiff BRG, but there is no way for Defendant to know what information they might have, so adding them as plaintiffs now will cause prejudice to Defendant and/or require the Court to reopen discovery and delay resolution of the case. Defendant has already crafted its case and obtained its expert reports based on the current parties and the fact discovery that has been completed. It argues that the addition of new parties would require, at the least, amended or supplemental expert reports, at great cost to Defendant.

The instant Motion was filed shortly before the April 16, 2012, discovery deadline and more than one year and seven months after the deadline to amend pleadings passed. As described above, Plaintiff has failed to explain why it took so long for it to determine that it needed to add additional parties as plaintiffs. Plaintiff BRG attached a Declaration to its Motion indicating that review of corporate records reflect that the insurance contract was issued to Shawn Connery, but the Declaration does not explain why the initial Complaint was not filed by Shawn Connery nor why it took so long for Plaintiff to realize that it wanted to add the additional parties as plaintiffs.

Although the parties' existence may have been known since the beginning, they are not identical entities, and adding them at this late stage in the case means introducing new relationships and possibly new knowledge or information that was not accessible to Defendant in discovery. This is likely to cause prejudice to Defendant and necessitate the reopening of discovery in this case,

causing delay and additional expenditure of resources by Defendant to craft its case and obtain new or updated expert reports. Accordingly, the Court concludes that addition of new party plaintiffs at this stage in the proceedings is inappropriate under Federal Rule of Civil Procedure 15, 20, or 21 as it appears to result from undue delay by Plaintiff, is likely to cause prejudice to Defendant, and would further delay the resolution of the case.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** the Motion to Add Parties Plaintiff or, in the Alternative, for Leave to Amend Complaint [DE 35].

SO ORDERED this 1st day of June, 2012.

                                       s/ Paul R. Cherry
                                       MAGISTRATE JUDGE PAUL R. CHERRY
                                       UNITED STATES DISTRICT COURT

cc:    All counsel of record