**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| BENEFIT RESOURCE GROUP, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:11-CV-64-RL-PRC |
| | ) | |
| WESTFIELD INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Reconsider [DE 48], filed by Plaintiff Benefit Resource Group, Inc. ("BRG") on June 14, 2012. Defendant Westfield Insurance Company ("Westfield") filed a response on June 28, 2012. BRG's Reply was due on July 5, 2012, but one was not filed.

## BACKGROUND

On March 14, 2012, BRG filed a Motion to Add Parties Plaintiff, Or, in the Alternative, for Leave to Amend Complaint [DE 35]. Westfield filed a response on March 28, 2012, and BRG filed a reply on April 3, 2012. In the Motion, BRG requested that it be permitted to add two new parties, S&G Properties, Inc., and Shawn Conery[1] as party plaintiffs because BRG and S&G Properties, Inc. are owned and controlled by the same two people—Shawn Conery and Greg Conery—and that one of these individuals is the policyholder of the underlying insurance policy at issue in this case. Specifically, BRG sought to add these two parties in order to jointly pursue its claims against them and because they may have interests that BRG cannot completely represent. BRG also asserted that the addition of these two parties would not add any complexity to the case or change any of the claims and that Defendant would not suffer any prejudice by their addition. But Westfield objected

---

[1] BRG represents that the correct spelling of Shawn's last name is Conery. *See* DE 49 n. 1.

to the addition of these parties arguing BRG had not met its burden under Federal Rule of Civil Procedure 15, which prohibits undue delay, and the addition of the two new plaintiffs would prejudice Westfield at this late stage of the litigation.

On June 1, 2012, the Court issued an Order ("June 1, 2012, Order") denying BRG's Motion to Add Parties Or, in the Alternative, for Leave to Amend Complaint [DE 46]. In denying the Motion, the Court explained that BRG failed to properly justify its delay in requesting an extension of the August 1, 2011, deadline to amend the pleadings either before it had expired or to show good cause as to why the deadline should be extended after it expired. As the Court explained, under Federal Rule of Civil Procedure 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . before the original time or its extension expires[] or on motion made after the time has expired if the party failed to act because of excusable neglect." Fed.R.Civ. P. 6(b)(1). The Court citing *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005), noted that when deciding whether the neglect in filing a motion to extend time after the deadline expired was excusable, a court must "tak[e] into consideration all relevant circumstances including the danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." The Court concluded that BRG's neglect in requesting the late joinder of the two party plaintiffs was not excusable because BRG had been on notice since April 11, 2011, when Westfield filed its Answer, that the insurance policy was issued to Shawn Conery, not BRG.

The Court went on to consider whether BRG could meet the standards under Federal Rules of Civil Procedure 15, 20, or 21, to add the party plaintiffs, but determined that BRG could not

sustain these burdens because BRG itself had caused undue delay, and the addition of the two parties at this juncture in the case would prejudice Westfield. In assessing the prejudice to Westfield, the Court explained that adding the new plaintiffs would require the Court to reopen discovery because these plaintiffs may have additional information that is not available to Westfield. The Court also pointed out that Westfield had already obtained its expert reports and would be required to amend or supplement its reports at great expense. The Court concluded that the addition of these parties would prejudice Westfield because they are not identical parties and, as a result, new relationships would be introduced at this late stage in the case.

BRG now moves for reconsideration of the June 1, 2012, Order, reasserting its position that it should be permitted to add S&G Properties, Inc. and Shawn Conery as parties to this case.

## ANALYSIS

The Seventh Circuit has cautioned that motions for reconsideration "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Resource, Inc. v. Walker-Davis Publications, Inc*., 762 F.2d 557, 561 (7th Cir.1985) (citations omitted). A motion for reconsideration will be granted when: (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.2009) (citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the

previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996) (citations omitted). In other words, "[a] motion for reconsideration is not an opportunity to take a second bite at the apple and reargue issues already adjudicated." *Championsworld, LLC v. United States Soccer Fed'n, Inc.,* No. 06 C 5724, 2007 WL 2198366, at *1 (N.D. Ill. July 31, 2007) (citation omitted). A court will grant a motion to reconsider when there is a compelling reason," including a change in the law that shows that an earlier ruling was erroneous, but not to address arguments that a party should have previously raised. *Solis v. Current Dev. Corp.,* 557 F.3d 772, 780 (7th Cir. 2009). In light of this standard, "problems [that are appropriate for reconsideration] rarely arise and the motion to reconsider should be equally rare." *Paniaguas v. Aldon Cos., Inc.,* Cause No. 2:04–CV–468, 2007 WL 2228597, at *4 (N.D. Ind. July 31, 2007) (citation omitted).

In its motion to reconsider, BRG argues that its delay in requesting that Shawn Conery and S&G Properties be added as party plaintiffs is excusable because that delay is the result of a corresponding delay in mediating this matter. BRG claims that it did not focus on its motion practice prior to March 2012 because the parties discussed settlement and were attempting to resolve their dispute through alternative dispute resolution. In its Reply to its original motion, BRG explained that the parties voluntarily chose to direct their efforts toward alternative dispute resolution, agreeing in September 2011 to extend most deadlines for the purpose of mediating in October or November 2011. BRG, however, points out that a lot of time was lost because of forces outside of its control, which caused the mediation to take place much later than expected. According to BRG, after it learned that the case would not be resolved through mediation, BRG turned its attention to the procedural demands of the case, recognizing that the identity of the new party

4

plaintiffs could be of significance.

BRG further explains that any prejudice to Westfield in adding the two new parties is minimal because, as BRG indicated in its Reply to its original motion, Westfield conducted a pre-suit deposition of Shawn Conery on November 23, 2009, which was almost two years before this case was filed in January 2011. BRG represented in its original motion that this November 2009 pre-suit deposition was conducted by the same attorneys that represent Westfield in this case. BRG points out that because Westfield intends to depose additional witnesses it has not lost its ability to discover information unique to the two new party plaintiffs. BRG also claims that adding new plaintiffs will not require amended or supplemental expert reports because these experts will testify about the condition of the property and its mechanical systems, which is unrelated to the named plaintiffs. Furthermore, Westfield has disclosed an expert that will address BRG's allegations of bad faith and that expert's analysis and opinions incorporate Shawn Conery's prior deposition testimony, which again is unaffected by the named plaintiffs.

Westfield asserts that BRG's position that its delay in requesting the addition of the new plaintiffs was occasioned by the delay in mediating this case lacks merit because the deadline to complete mediation was December 1, 2011, well after the August 1, 2011, deadline to amend the pleadings. Westfield points out that the parties did not begin to discuss mediation until after Ron George's deposition, which took place on August 29, 2011. Westfield asserts that it would be prejudiced by the late addition of plaintiffs because it served discovery on the sole named plaintiff and formulated its expert reports based upon the responses it received. Furthermore, according to Westfield, there is no way for it to know if it will require additional fact and expert discovery, which would require an extension of these deadlines.

In its motion for reconsideration, BRG does not argue that the Court misapplied controlling precedent or failed to consider the full import of its arguments. Instead, BRG rehashes the previous arguments that the Court found deficient in its original motion. This is not a proper basis for a motion to reconsider. Because the Court did not misunderstand BRG's original arguments and there is no new controlling law or new evidence, the Court hereby **DENIES** the Motion for Reconsideration [DE 48].

SO ORDERED this 2nd day of August, 2012.

    s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record